ZACHARIAS LAMB, Respondent, v. HENRY L. BROLASKI, Appellant.

1. *Contract—Damages.*—Where, in a suit for work and labor done, the plaintiff abandons the special contract, and claims for a *quantum meruit*, he will be entitled to recover only the value of the work, after deducting the damages sustained by the defendant from the failure of plaintiff to comply with his contract, the value of the work being limited by the contract price.

2. *Partnership—Set-off—Practice.*—The debt due to a partnership cannot be set off against a debt due by an individual partner; but if the goods furnished by the partnership be charged to the individual partner, and are by him furnished to the plaintiff, the debt may be set off against plaintiff's demand.

3. *Practice—Bill of Exceptions—Supreme Court.*—The evidence presented at the trial must be set forth in the bill of exceptions, or its substance stated, so that the Supreme Court can judge of its legal effect. It is not proper for parties to agree that records and other documents may be referred to and read in the Supreme Court.

*Appeal from St. Louis Land Court.*

*C. C. Simmons,* for appellant.

I. The defendant was entitled to have deducted from the plaintiff's demand an amount equal to the difference in value between the work which was done, and that which ought to have been done under the contract—Lee et al. v. Ashbrook, 14 Mo. 378 ; Britton v. Turner, 6 N. H. 481.

II. The defendant's set-off for the value of the lumber received by the plaintiff ought to have been allowed, no matter whether it was at the time of its delivery the individual property of the defendant, or the property of the firm of Brolaski & Becket. The proof clearly establishes the fact, that the lumber was delivered to the plaintiff, and received by him at the time, with a distinct understanding between all the parties that it was in payment for the very work and labor now sued for, and that the value of the same so received by the plaintiff largely exceeds the amount of his claim in this action. A joint indebtedness may be set off against an individual demand by special agreement, or when there was a mutual understanding that it was to be done—Barbour, Set-off, 102.

*E. T. Farish,* for respondent.

I. The referee finding the value of the work, and that respondent accepted it, properly decides that, as against this *quantum meruit,* damages for difference between the contract price and the value of the work cannot be allowed, because they do not, and necessarily cannot, exist together—Thompson et al. v. Allsman, 7 Mo. 530; Dutro v. Walter, 31 Mo. 516.

II. The referee properly disallowed the items for lumber in appellant's counter-claim, because the evidence clearly showed that it was a joint demand of Brolaski & Becket, and could not therefore be allowed as a set-off against the separate debt of plaintiff—Finney v. Turner, 10 Mo. 207 ; Vas-

seur v. Livingston, 3 Kern. 252 ; Lemon v. Trull, 13 How. Pr. R. 248.

HOLMES, Judge, delivered the opinion of the court.

The case comes up on exceptions to the report of the referee. The petition is founded upon an account filed as a mechanic's lien. The cause of action is upon a *quantum meruit*, and not upon the written contracts. There were several particular contracts in writing, in reference to different portions of the whole work. There were disputes as to whether the work had been done according to contract, and the defendant claimed that the contracts had not been performed and completed. The plaintiff abandoned the contracts, and sued on a *quantum meruit* for as much as the work was actually worth. The answer took no objection to this, and the trial proceeded accordingly. The referee took the contracts as governing the prices, and refused to allow the defendant to show, by way of damages, that the work had been badly done, and not according to contract, and that what he received was really worth much less than the contract prices. He decided that the claim of damages could not be taken into consideration. In Lee v. Ashbrook, 14 Mo. 378, it was held that, in such case, the party accepting the work ought still to pay the value of the work received, not exceeding the contract prices, if that value exceeded the damage he had sustained by reason of the failure of the other to complete the work as agreed. Such damages are to be considered in diminution of the contract prices. The plaintiff was entitled to recover on this petition only the actual value of the work done by him, and received by the defendant, within the limits of the contract prices. The matter of damages entered into the inquiry as to the actual value of the work to the defendant, and that was the very thing in issue. The benefit and advantage which the defendant took by the work done, was the amount of value which he received, if any, after deducting the amount of the damage—Britton v. Turner, 6 N.

H. 494. If the damages equalled or exceeded that value, the plaintiff could not recover. On this point we think the ruling of the referee was erroneous—Sedg. Dam. 444; Mondel v. Steel, 8 Mees. & W. 858.

It was further excepted, that the referee had excluded the value of certain lumber received by the plaintiff of the lumber-yard of Brolaski & Becket, partners, on receipts in their names, for the reason that a joint debt could not be set off against an individual demand. There was evidence tending to show that this lumber was charged by the firm to the individual account of Brolaski the defendant, and that it was actually furnished by him to the plaintiff. Certain records also appear to have been offered in evidence by the plaintiff, to show the contrary. It appears to have been agreed, that these records might be read here, without being set forth in the bill of exceptions. They are not produced before us; nor is it certain that we should read them if they were produced; for this practice will not be allowed. The evidence must be set forth in the bill of exceptions, or its substance stated in such manner that this court can judge of its legal effect. Evidence was admissible, and should have been considered on this question; and if it appeared that the lumber was received from the defendant alone, and on his own account, in satisfaction of the demand of the plaintiff, it would show payment so far. But if it were received by the plaintiff from the partnership firm on a wholly different transaction, and the plaintiff were indebted to the firm for it, then, of course, it could not be allowed as a set-off in this suit. We are not satisfied that the ruling of the referee was correct on this point.

The judgment will be reversed, and the cause remanded. The other judges concur.