Duncan v. Baker.

---

## SOLOMON DUNCAN v. JEREMIAH BAKER.

ENTIRE CONTRACT; *Part Performance;* *Implied Promise;* *Measure of Recovery*
Where a contract is entire, and has been only partially fulfilled, the party in fault may nevertheless recover from the other party for the actual benefit received and retained by the other party, less the damages sustained by the other party by reason of the partial non-fulfillment of the contract; and this may be done in all cases where the other party has received benefit from the partial fulfillment of the contract, whether he has so received the same and retained it from choice, or from the necessities of the case. Thus, where D. hired B. to work for him for seven months at $15 per month, and B. worked for D. only 59 days, and then quit without any reasonable excuse therefor, *held,* that B. may nevertheless recover from D. for what the work was reasonably worth, less any damage that D. may have sustained by reason of the partial non-fulfillment of the contract.

*Error from Montgomery District Court.*

ACTION by *Baker,* against *Duncan,* wherein plaintiff had judgment, at September Term, 1876, of the district court,

against *Duncan*, who brings the case here. All necessary facts appear in the subjoined opinion.

*Ben. M. Armstrong*, for plaintiff in error:

All the evidence submitted in this case shows the contract between the parties to be an *entire contract*. It was a contract to labor for the plaintiff in error, on his farm, for the term of seven months, for fifteen dollars per month — no time being stipulated for payment. In support of our view that such a contract is an entire contract, see *Larkin v. Buck*, 11 Ohio St. 566, and cases there cited.

If the contract was entire, then the plaintiff below could not recover in this action, as there was no offer on his part to complete his contract; nor had he any legal excuse for abandoning the labor his contract imposed upon him, as shown by the evidence. (*Larkin v. Buck*, 11 Ohio St. 565; *Berch v. Sanders*, 37 Mo. 104, and cases there cited.) But to entitle him (plaintiff) to maintain such an action, he must show that the defendant is in fault. (*Galvin v. Prentice*, 6 Amer. Rep., p. 60, and cases there cited.)

The court in trying this case seemed to predicate its charge to the jury on the law found in the case of *Britton v. Turner*, 6 N. H. 481, which case, in the language of the supreme court of Ohio, "is itself an innovation upon the long-established principles governing *entire* contracts, lessens the sanctity of agreements, and tends to encourage their violation." (*Larkin v. Buck*, 11 Ohio St. 568.)

The second instruction given by the court, and excepted to by defendant, we think does not state the law, or any portion thereof, applicable to this case. There was no claim on the part of the defendant for damages. Nor do we see how it could have been necessary to prove damages, if the plaintiff had been "held to the consequences" and "conditions of his contract;" for, if held to its conditions, and the legal consequences for its violation, the plaintiff could not recover. (*Berch v. Sanders*, 37 Mo. 104; *Wolfe v. Howes*, 20 N. Y. 202, and cases there cited.)

The case of *Mullen v. Gilkinson,* 19 Vt. 503, and the case of *Larkin v. Buck,* 11 Ohio St. 566, and cases there cited, seem to us to be parallel cases with this, and supported by the general current of authority in this country. We see no equity or justice in permitting the plaintiff below to recover in this case on the *quantum meruit.*

"An implied promise to pay for part performance can arise only when the party sought to be charged has had the benefit of the part performance, and has himself refused to proceed, or otherwise prevented or waived full performance." (*Smith v. Brandy,* 17 N. Y. 173; *Munro v. Butt,* 8 El. & Bl. 738.)

*Geo. & Jos. Chandler,* for defendant in error:

In the instructions given by the court to the jury in this case, there is nothing which the most zealous advocate of the doctrine of entire contracts can take exception to, except the latter part of the instruction which gives the defendant in error the value of his services, not exceeding the contract price, less the amount of damages which the plaintiff in error has sustained, if any, on account of the breach of the contract, if any, on the part of said defendant. This, we insist, is the law governing personal service between master and servant, as now adopted by the best jurists and law-writers in this country.

Granting that the defendant left the service of the plaintiff in error without cause, yet he can recover in this action upon the *quantum meruit,* what his services are reasonably worth, subject to this condition: if the plaintiff in error had sustained any damages by reason of the non-performance of the contract on the part of the defendant, he could have set it off against any demand of the defendant in error for services, even to a judgment against him, if the damages sustained by said plaintiff exceeded the value of the services performed. This rule is elucidated by Parker, sustained and fostered by such jurists as Parsons, Cooley, Field, Dillon, Campbell, Miller, Stockton, Bennett, Perkins (American editor Chitty on Contracts), and other able judges and law-writers.

The case of *Britton v. Turner*, 6 N. H. 481, was an action on the *quantum meruit* for work and labor performed. The plaintiff had contracted to work for one year for the sum of one hundred dollars, and left after remaining about nine months, without the consent of the defendant and without good cause. Judge Parker, recognized as one of the ablest jurists this country has ever produced, in an elaborate opinion in this case, reviews these cases and discusses this question at great length, and, upon principle, can see no distinction that can be drawn between building contracts, or the furnishing of materials or machinery, and those for personal service. He says:

"In a contract for labor merely from day to day, the party is continually receiving the benefit of the contract, under the expectation that it will be fulfilled, and cannot, upon a breach of it, have an election to refuse to receive what has been done, and thus discharge himself from the payment. . . . The party who contracts for labor merely for a certain period does so with the full knowledge that he must, from the nature of the case, be accepting part performance from day to day, if the other party commences the performance, and with the knowledge, also, that the other may eventually fail of completing the entire term. . . . The party actually receives the labor, and thereby derives a benefit and advantage over and above the damage which resulted from a breach of the contract by the other party. The labor actually done and the value received furnish a new consideration, and the law thereupon raises a promise to pay, to the extent of the reasonable worth of such excess. This may be considered as making a new case, not within the original agreement; and the party is entitled to recover on his new case for the work done, not as agreed, yet accepted by the defendant. . . . The benefit and advantage which the party takes by the labor, therefore, is the amount of the value which he receives, if any, after deducting the amount of the damage. . . . If in such case it be found that the damages are equal to or greater than the amount of the labor performed, so that the employer, having the right to the full performance of the contract, has not upon the whole case received a beneficial service, the plaintiff cannot recover," &c.

Parsons, in his work on the Law of Contracts, commenting

upon this decision, vol. 2, (fifth edition,) p. 39, approves the doctrine as above laid down.

Field, in his work on the Law of Damages, reviews the authorities upon this question, and discusses the subject at length. Commenting upon the case of *Britton v. Turner*, § 332, he says: "The tendency of the decisions seems to be in harmony with the views thus ably set forth." See, also, §§ 334, 335 of the above work; also, *Pixler v. Hall*, 8 Iowa, 106; *Lowen v. Crossman*, 8 Iowa, 325; *McClay v. Hedges*, 18 Iowa, 66; *McAfferty v. Hall*, 24 Iowa, 382; *Byerlee v. Mendel*, 39 Iowa, 382.

In the case of *McClay v. Hedges*, cited above, Judge Dillon, in delivering the opinion of the court, uses the following expressive language:

"This question was settled in this state by the case of *Pixler v. Nichols*, which distinctly recognized and expressly followed the case of *Britton v. Turner*, 6 N. H. 481. That celebrated case has been criticised, doubted, and denied to be sound. It is frequently said to be good equity, but bad law, yet its principles have been gradually winning their way into professional and judicial favor. It is bottomed on justice and right upon principle, however it may be upon the technical and more illiberal rules of the common law as found in the old cases."

See, also, *Carroll v. Welch*, 26 Texas, 147; *Hollis v. Chapman*, 36 Texas, 1; Abbott's U. S. Digest, 1874, p. 206, No. 34; *Pritchard v. Martin*, 27 Miss. 305; *Epperly v. Bailey*, 3 Ind. 73; *Fenton v. Clark*, 11 Vt. 560; *Ryan v. Dayton*, 25 Conn., 188; *Lamb v. Brolaski*, 38 Mo. 51; *Allen v. McKibbin*, 5 Mich. 449.

The cases which we have thus far cited are for personal service. There is a large class of cases which, in the furnishing of materials, the erection of buildings, and the furnishing of machinery, are at variance with the doctrine that entirety of the contract prevents recovery until its conditions have been fully performed. We will quote from one of them, to illustrate the principle.

In the case of *Trobridge, et al., v. Barnett*, 30 Wis. 661, Judge Lyon uses the following language:

"Although the contract for manufacturing and setting up the engine and boiler was not in all respects fully performed by the plaintiffs, yet it was performed except in some minor particulars, and the defendant has accepted the same, and used them constantly ever since they were set up, thus deriving substantial benefit from the labor and expenditure of the plaintiffs thereupon. There is no arbitrary rule of law which, in violation of every principle of natural justice, defeats the plaintiffs' right of recovery in such case, and permits the defendant to enjoy the fruits of such labor and expenditures without making remuneration therefor. The defendant had the right to recoup all damages sustained by reason of the failure of the plaintiffs to fully perform their contract with him."

The principle of these cases is the same enunciated in *Britton v. Turner,* and embodied in the instruction complained of by the plaintiff in error.

We insist that the majority of the later decisions sustain this rule. This rule wrongs neither party. The best reasoning approves it. It does exact justice to both.

The opinion of the court was delivered by

VALENTINE, J.: This action was commenced in a justice's court, by Jeremiah Baker against Solomon Duncan, to recover $48.40, which he claimed to be due for 59 days' work. Judgment was rendered in the justice's court in favor of Baker for $19.90 and costs, and Duncan then appealed to the district court. In the district court judgment was again rendered in favor of Baker for $19.90 and costs, and Duncan then brought the case to this court for review.

It would seem from the evidence in the case that Duncan hired Baker to work for him for seven months, at $15 per month; that Baker, under the contract, worked for him only 59 days, and then quit, and (as Duncan claims) without any reasonable excuse therefor; that during the time that Baker worked for Duncan, Duncan paid Baker $9.60 on his work, and afterward refused to pay him anything more.

Duncan claims that Baker is not entitled to recover anything for his work; and this he does upon the ground that

the contract under which Baker did the work was an *entire* contract — that under such a contract there can be *no apportionment*, and therefore, that, as Baker quit work before the time for him to do so under the contract had arrived and without any reasonable excuse therefor, he cannot now recover for what work he actually did under the contract.

There are many authorities which sustain this claim of the plaintiff in error, Duncan. Indeed, nearly all the older authorities do; but we think a majority of the later and better-reasoned cases sustain the contrary doctrine.

Mr. Parsons, in his work on Contracts, speaking of entire contracts, says:

"So, too, if one party, without the fault of the other, fails to perform his side of the contract in such a manner as to enable him to sue upon it, still, if the other party have derived a benefit from the part performed, it would be unjust to allow him to retain that without paying anything. The law, therefore, generally implies a promise on his part to pay such a remuneration as the benefit conferred upon him is reasonably worth; and to recover that *quantum* of remuneration, an action of *indebitatus assumpsit* is maintainable." (2 Pars. Cont., 6th ed., 523.)

Many authorities may be found to sustain the foregoing proposition of Mr. Parsons, and to sustain it in all its various aspects. Thus, authorities may be found to sustain it with reference to contracts of sale; contracts to do some specific labor upon real estate, as building or repairing houses, etc.; contracts to do some particular labor upon personal property, as making or repairing specific articles of personal property, and contracts for personal services. The leading case which sustains the foregoing proposition with reference to contracts for personal services, is the case of *Britton v. Turner*, 6 N. H. 481. That was an action of *indebitatus assumpsit*, with a *quantum meruit* count for work and labor performed. The plaintiff had contracted to work for the defendant for one year for the sum of one hundred dollars; but he left the defendant's employment after working for him for only about nine months, without the consent of the defendant and with-

out good cause.  It was held, however, that he might recover on the *quantum meruit* count, notwithstanding his failure and refusal to work the full time that he had agreed to.  There are other cases directly applicable to the present case, to some of which we shall hereafter refer.

Mr. Field, in his work on Damages, says that —

"The doctrine now generally recognized in case of part performance of a contract for personal services is, that if the employer accepts the benefit of what has been done, whether voluntarily or from the necessity of the case, the employé may recover according to the contract price for what has been done; or, where he is to receive a fixed sum for the whole work, then, in the proportion which the work done bears to the whole work; or, where there is no price fixed, then upon a *quantum meruit*, from which, however, there must be deducted whatever damages may have resulted to the employer from the failure to fully perform the contract by the employé." (Field on Damages, § 327.)

Mr. Field, also, after commenting upon the case of *Britton v. Turner*, ante, and speaking of the argument therein contained as being an able one, then says, that "The tendency of the decisions seems to be in harmony with the views thus ably set forth." (§ 332.)  He further says: "The doctrine of *Britton v. Turner* is also now fully or partially recognized in Michigan, Wisconsin, Indiana, Illinois, Pennsylvania, Maine, Texas, Tennessee, Missouri, New York, and other states." (§ 334.)  "And the doctrine, in view of its manifest justice, is likely to grow in favor until it becomes universally recognized." (§ 335.)

Mr. Parsons also says:

"The case of *Britton v. Turner*, 6 N. H. 481, resists the whole doctrine of these cases, [previously by him cited,] and permits the servant to recover on a *quantum meruit*.  His right to recover is carefully guarded in this case by principles which seem to protect the master from all wrong; and to require of him only such payment as is justly due for benefits received and retained, and after all deduction for any damage he may have sustained from the breach of the contract.  So guarded, it might seem that the principles of this case are better adapted to do adequate justice to both parties, and

wrong to neither, than those of the numerous cases which rest upon the somewhat technical rule of the entirety of the contract." (2 Parsons on Cont., 6th ed., *38, 39.)

The following cases are also in point: *Pixler v. Nichols,* 8 Iowa, 106 ; *McClay v. Hedges,* 18 Iowa, 66 ; *McAfferty v. Hale,* 24 Iowa, 356 ; *Byerlee v. Mendel,* 39 Iowa, 382 ; *Wolf v. Gerr,* 43 Iowa, 339.

In the case of *McClay v. Hedges,* ante, Judge Dillon, who delivered the opinion of the court, uses the following language:

" This question was settled in this state by the case of *Pixler v. Nichols,* 8 Iowa, 106, which distinctly recognized and expressly followed the case of *Britton v. Turner,* 6 N. H. 481. That celebrated case has been criticised, doubted, and denied to be sound. It is frequently said to be good equity but bad law; yet its principles are gradually winning their way into professional and judicial favor. It is bottomed on justice, and is right upon principle, however it may be upon the technical and more illiberal rules of the common law as found in the older cases. (18 Iowa, 68.)

See, also, *Hillyard v. Crabtree,* 11 Tex. 264 ; *Carroll v. Welch,* 26 Tex. 149 ; *Hollis v. Chapman,* 36 Tex. 1, 5. In the last case cited, the court uses the following language:

"But this court, by a succession of decisions, has settled the question of the apportionability of contracts, and we are inclined to follow those decisions in this case. [Citing the above, and other cases.] In the last case, the court says: ' The doctrine of the earlier decisions, to the effect that where the contract, in cases like the present, is entire, the performance by the employé is a condition precedent, and he has no remedy until he has fully performed his part, is not now the recognized doctrine of the courts.'"

See, also, *Lamb v. Brolaski,* 38 Mo. 51, 53 ; *Ryan v. Dayton,* 25 Conn. 188 ; *Epperly v. Bailey,* 3 Ind. 73. See, also, the numerous cases cited by Mr. Field in his work on Damages, § 334, note 24; also, cases cited in 3 U. S. Dig., 1st series, p. 521, No. 2390.

The weight of authority at the present time, we think, is unquestionably against the doctrine that where a contract is entire, and consequently not apportionable, and has been

only partially performed, the failing party is not entitled to recover or receive anything for what he has actually done. It will perhaps be admitted that the doctrine has been overturned with respect to all contracts except those for personal services; and if so, then there is not much of the doctrine left. But if the doctrine is to be abandoned with reference to all contracts except those for personal services, then why not abandon the doctrine altogether? The reason usually given is, that the employer in contracts for personal services has no choice except to accept, receive and retain the services already performed, while in other contracts he may refuse to accept, or may return the proceeds of the partially-performed contract, if he choose. But this is not always, nor even generally, true with respect to other contracts. Suppose a miller purchases a thousand bushels of wheat for a thousand dollars, the wheat to be delivered within one month; he receives the wheat as it is delivered, and grinds it into flour; when the vendor has delivered 500 bushels he refuses to deliver any more: what choice has the miller, except to retain what he has already received? This kind of supposition will also apply to the purchase and sale of all other kinds of articles, where the purchaser on receiving them changes their character so that he cannot return them. Or suppose that an owner of real estate employs a man to build or repair some structure thereon for a gross but definite sum, the owner of the real estate to furnish the materials or a portion thereof in case of building, and either to furnish them in case of repairing, and the job is only half finished: what choice has the owner of the real estate with reference to retaining or returning the proceeds of the workman's labor? This kind of supposition will also apply to all kinds of work done on real estate, and will often apply to work done on personal property. Of course, in all cases where the employer can refuse to accept the work and does refuse to accept it or returns it, he is not bound to pay for it unless it exactly corresponds with the contract; but where he receives it and retains it, whether he retains it from choice or from ne-

cessity, he is bound to pay for the same what it is reasonably worth, less any damage that he may sustain by reason of the partial non-fulfillment of the contract. Of course, he is not bound to pay anything unless the work is worth something, unless he receives or may receive some actual benefit therefrom; and where he receives or may receive some actual benefit therefrom, he is bound to pay for such benefit (and only for such benefit), within the limitations hereinbefore mentioned.

The judgment of the court below will be affirmed.

All the Justices concurring.