## HENRY DENTON v. THE CITY OF ATCHISON.

1. SIDEWALKS; *Plans, a Part of Contract.* A city advertised for proposals for the building of certain sidewalks according to plans and specifications on file in the office of the city engineer, and in response thereto, a contractor made a proposal to build the walks at a certain price, in accordance with such plans and specifications, and under the direction and to the acceptance of the city engineer, which proposal was duly accepted by the mayor and council of the city. *Held,* That the proposal of the contractor being definite, and the acceptance by the city being unqualified, they together constituted a contract between the parties, and that the plans and specifications referred to in the proposal became a part of such contract.

2. ———— A substantial performance of a contract is indispensable to a recovery thereon.

3. CONTRACT — *Substantial Compliance — Recovery.* By the terms of the contract in this case, the subsills of the sidewalks were to be of oak material and two by six inches in dimensions, while those that were put in the walks by the contractor were of pine material, and only two by four inches in size. It appears that oak subsills of the dimensions required in the contract would last at least twice as long as pine subsills of the dimensions actually used. *Held,* That there was not a substantial performance of the contract, and no recovery can be had thereunder; and *held further,* that there being no acceptance or use of the sidewalks, and no waiver of performance by the city, no recovery can be had upon a *quantum meruit.*

*Error from Atchison District Court.*

ACTION by *Denton* against *The City,* to recover $421.90 and interest, claimed to be due upon a certain contract. Judgment for the defendant, at the November Term, 1884. The plaintiff brings the case here. The material facts are stated in the opinion.

*Jackson & Royse,* for plaintiff in error.

*Wm. R. Smith,* city attorney, for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: Henry Denton brought this action against the city of Atchison to recover the sum of $421.90 and interest,

claimed to be due him upon a contract for furnishing material and constructing sidewalks upon certain streets within the city. The defendant denied performance of the contract, and refused payment. A trial was had before the court, and judgment given in favor of the city for costs. The plaintiff is here complaining of that judgment, and asking a reversal.

The facts in the case, as disclosed by the record, are briefly these: On November 23, 1881, the city advertised for proposals to construct certain sidewalks, which were to be five feet four inches wide, and to be paid for in special assessment bonds issued for the construction of sidewalks. The advertisement also contained a clause that the "plans and specifications for the above work can be seen at the city engineer's office, under whose direction and to whose acceptance all work must be done." On November 28, 1881, in response to the advertisement, the plaintiff made a proposal to the city that he would build the sidewalks described in the advertisement "according to the plans and specifications on file in the office of the city engineer, and under his direction, and to his acceptance, at the following price, viz.: $46\frac{1}{2}$ cents per lineal foot, payable in sidewalk bonds." The mayor and council, being in session on November 28, 1881, duly accepted the proposal made by the plaintiff, and a notice of the acceptance was given to him. At the time the contract was made, there was on file in the office of the city engineer a plan for a sidewalk five feet four inches wide, and resting upon four stringers, like the walks described in the advertisement of the city, and in the proposal of the plaintiff. This plan showed the kinds, quality and dimensions of the lumber and materials to be used in the construction of the walks, and specified that the subsills supporting the ends of the stringers should be two by six inches in size, and the intermediate ones two by four inches in size, and all to be of oak material. It appears that this plan had not been prepared for these particular sidewalks, but was a general one for all sidewalks of that width, and which had been on file in the city engineer's office for several months. The plaintiff proceeded at once to furnish material and construct the walks, and

soon after the completion of the work he requested the city engineer to examine and accept it. Upon examination the city engineer refused to accept the sidewalks, upon the ground that the subsills upon which the plaintiff had placed the walks were not of the dimensions and material required by the contract. In constructing the walks the plaintiff had used pine instead of oak for the subsills, and those at the ends of the sections were two by four inches in size instead of two by six inches, as described in the plans on file in the city engineer's office. The plaintiff claimed that under the contract he was not required to use oak lumber, and that there was no agreement regarding subsills. It does not appear that any formal contract was entered into between the parties. Soon after the plaintiff's proposal was accepted, it seems that a contract in brief form was prepared by some person and signed by the plaintiff, which did not state the kind or dimensions of the lumber to be used for subsills, but it does not appear that the same was ever signed by the mayor, and it was not produced at the trial. So far as the testimony shows, its provisions seem to have been substantantially like those stated in the advertisement and proposal. No other contract or formality was required or necessary. The proposal of the plaintiff was clear and definite in its language, and its acceptance by the city was unqualified.

**1. Sidewalks— plans, a part of contract.** Together they constituted the agreement of the parties under which the sidewalks were to be constructed, and by which the plaintiff's right to recover compensation therefor is to be determined. There could not well be, and indeed there seems not to have been, any misunderstanding of the terms of the agreement. The advertisement for bids, in plain terms, provided that the walks were to be built in accordance with the plans and specifications on file in the office of the city engineer, and the proposal made by the plaintiff to the city, in equally plain terms, offered to construct the walks according to those plans. The plans, therefore, became a part of the agreement, as much as if they had been incorporated in or attached to a formal written contract.

It is conceded that in building the walks the plaintiff has

not followed the plans nor observed all the requirements of the contract; and the question arises whether, under the circumstances, a recovery can be had. Under the common-law rule the express stipulations of the contract were required to be strictly performed, and a substantial compliance with its terms was not sufficient. This rule has been much relaxed of late, and under the recent decisions of most of the courts of this country, the performance of this contract is not in all cases required to be literal and exact. The more equitable rule has been generally adopted, which permits a recovery by one who in good faith attempts to perform his contract, and does so substantially, although there may be a slight deviation, or some technical and unimportant omission or defect. A substantial performance, however, is still indispensable to a recovery; and a failure to carry out any material part of the contract will not amount to a substantial performance. In this case there was an important deviation from the contract of the parties, not only in the dimensions, but also in the quality of the material used in the construction of the walks. The city engineer testifies that subsills of oak material, such as were stipulated for in the contract, would last four times as long as the pine ones that were used; and the court in one of its findings states that the oak subsills of the dimensions required would last at least twice as long as pine subsills of the dimensions actually used. It was therefore an important and material departure from the contract, and cannot be held to amount to a substantial performance. Neither can it be said that the deviation was inadvertent or unintentional. It is admitted by the plaintiff that he noticed in the advertisement for bids, and also in the proposal which he made to the city, that the work was to be done according to the plans and specifications in the office of the city engineer; and he also admits that he never inquired for or examined the plans before or during the progress of the work. It does not appear that there has been any waiver of the conditions of the contract by the

2. Substantial performance; recovery.

3. Contract—no substantial performance.

city, and it is clear that the plaintiff cannot recover under the terms of the express contract existing ·between the parties.

The plaintiff however contends that in any event he is entitled to recover independently of the express contract upon a *quantum meruit*, and we are referred to *Duncan v. Baker*, 21 Kas. 99, as an authority supporting this claim. That case and the authorities there cited declare the doctrine now generally recognized, that where contracts for personal services, or to furnish materials and perform labor, are not fully performed, but the parties for whom the work is done and the materials are furnished accept the fruits of the contract, and receive and retain the benefits of that which has been performed and furnished, they are bound to pay what the same is reasonably worth. The law implies a promise on the part of .him who elects to accept partial performance, that he will pay the value of that which he receives and retains. This, however, is the extent to which the rule has been extended. In *Duncan v. Baker*, supra, it is said: "Of course, in all cases where the employer can refuse to accept the work and does refuse to accept it or returns it, he is not bound to pay for it unless it exactly·corresponds with the contract." And where a party, by an express contract, as in this case, undertakes to furnish material and to perform labor, he is only entitled to payment according to its terms, and the law will not make for him a contract different from that which the parties have entered into. The implied liability arises, if at all, from the subsequent transactions or conduct of the parties, and if there is a substantial non-performance of the contract, as there is here, and the party for whom the materials were furnished and the labor performed refuses to accept and does not receive or retain any of the benefits of the contract, no such liability will arise. In this case the city engineer has not accepted the walks as constructed, although his acceptance under the contract was a condition precedent to payment therefor by the city; and since the completion of the work he has always refused an acceptance. No one authorized by the city has

accepted the work, nor does it appear from the testimony that the city has ever used or enjoyed any benefit from the walks as constructed. We are therefore of opinion that the plaintiff is not entitled to the application of the rule which he invokes, and that no right of recovery has been established by him.

The judgment of the district court will therefore be affirmed.

All the Justices concurring.