ROVENA HEITER *et al.*, Respondents, v. THE EAST ST. LOUIS CONNECTING RAILWAY COMPANY, Appellant.

St. Louis Court of Appeals, March 21, 1893.

1. **Justices Courts : JURISDICTION.** Justices of the peace in this state have jurisdiction, subject to the statutory limitation as to amount, over actions for injuries to animals occasioned by railway trains in other states.

2. **Practice, Appellate** : FOREIGN LAWS: SUFFICIENCY OF RECITALS OF THE BILL OF EXCEPTIONS. When one of the decisions of a court of another state is read in evidence at the trial from the printed reports thereof, it need not be copied in full in the transcript. A reference to the volume and pages containing it, so as to fully identify it, is all that is requisite; it can there on be read in this court from that volume.

3. **Railroads** : RIGHT OF PERSON UNLOADING FREIGHT TO OCCUPY TRACKS. A person, who is engaged in unloading his freight from a car on a railway track to his wagon, has no right to so place his wagon as to obstruct another railway track on which cars are being operated, when, though this may be a matter of convenience to him, it is not necessary for him to occupy that position.

4. ———: LIABILITY TO TRESPASSERS. Under the common law in the state of Illinois—and *held* also in the course of discussion that such is the law of this state—a railway company is not, in the absence of wilfulness or wanton negligence on the part of its servants, responsible for the injuries suffered by a trespasser on its tracks through a collision with one of its trains.

*Appeal 'from the St. Louis City Circuit Court.*—HON. W. W. EDWARDS, Special Judge.

REVERSED AND REMANDED.

*Thomas E. Ralston*, for appellant.

*W. B. Homer*, for respondent.

ROMBAUER, P. J.—The plaintiffs' horse and wagon were injured by colliding with one of the defendant's trains, in the yards of the Vandalia railroad at East St. Louis, in the state of Illinois. The plaintiffs thereupon sued the defendant before a justice of the peace in the city of St. Louis, claiming damages to the amount of $300, which they itemized in their statement as follows: Injuries to the wagon, $119.15; to the horse, $80 for expenses of treating him, and $100 for keeping him while disabled. Upon a retrial of the cause in the circuit court before a jury, the plaintiffs recovered a judgment for $300. The defendant, appeal-

ing, complains of errors in the court's rulings on the evidence, and of erroneous instructions given to the jury upon plaintiff's request.

Upon the first assignment the defendant contends that the court should have excluded all evidence touching any injuries of the horse, because a justice of the peace in this state has no jurisdiction of injuries by railroads to domestic animals, unless he is a justice of the peace of a township in which the injury happened, or of an adjoining township. Revised Statutes, 1889, sec. 6126. We must overrule this assignment of error with the observation, that the entire context of the law shows that it has reference to railroads operated within this state. Trespass to personalty is a transitory action. The only limitation imposed on the jurisdiction of justices in cities having over fifty thousand inhabitants for injuries, done by railroad companies to domestic animals *outside of this state*, is the limitation of amount involved under the provisions of section 6123. Where other conditions of jurisdiction exist, and the amount involved does not exceed $300, a justice within such cities has jurisdiction of transitory actions of tort originating outside of this state, with the exception of those mentioned in section 6124.

The next assignment of error is, that the court should have excluded evidence of all damages claimed for the loss of the horse's time. It suffices to say, in disposing of this complaint, that no objection was made to this evidence when it was offered. Nor is the defendant's error well assigned, that the court should have permitted one of its witnesses to answer the question whether he had seen other drivers unloading iron out of box cars, when the tracks were occupied by cars. In the absence of all evidence that the unloading was done under the same circumstances under which plaintiffs' driver unloaded the car when the injury

occurred, the inquiry had no bearing on the question of the negligence of plaintiffs' driver, which was one of the ultimate facts sought to be established.

This brings us to the substantial complaint of the defendant, namely, the misdirection of the jury by the court's instructions. As above seen, the accident occurred in the state of Illinois. The plaintiffs' driver, in unloading bars of iron from a car on the track of the Vandalia railroad in its yards, placed the wagon in such a position as to encroach with it upon the space necessarily occupied by cars in motion upon a parallel track, on which the defendant moved its trains. The driver, a witness for plaintiffs, testified that he knew when he placed his wagon in this position it would be caught by the train, if one came along on the parallel track. The horses were placed beyond the reach of any moving train. The defendant's train, moving backwards on this parallel track, struck that part of the wagon thus encroaching with some violence, and thereby jerked one of the horses into a position where it was likewise injured by the backing train. As to whether the wagon could be placed in a safer position than it occupied and still afford the same facilities for unloading, was a fact controverted by the plaintiffs' evidence, but there was no controversy touching the fact that there was space enough between the two tracks to afford safe standing room for a wagon of the dimensions of plaintiff's wagon.

The plaintiff gave no evidence what the law of the state of Illinois was as to the safeguards to be observed by moving trains, nor can we assume that the law of that state is the same as ours on that subject, as that subject is regulated by statutes and municipal ordinances here and elsewhere. The defendant, however, gave in evidence two decisions of the supreme court of the state of Illinois, one being the case of *Illinois*

*Central Ry. Co. v. Godfrey,* 71 Ill. 500, and the other the case of the same plaintiff *v. Hetherington,* 83 Ill. 510. These cases hold that a trespasser upon a railroad track, or one using the track by an implied license, but without legal right so to do, cannot recover in the state of Illinois for personal injuries caused by moving trains, unless such injuries were the result of wantonness or wilfulness on the part of the employes of the railway company.

The plaintiff contends that these decisions are not in the record, because not embodied in the transcript, and that a stipulation to the effect that they might be read from the printed volumes in this court cannot make them part of the record under the decision of the supreme court in *Lamb v. Brolaski,* 38 Mo. 51. In that case certain records were offered in evidence in the trial court, but they were not inserted in the bill of exceptions, *nor was their substance stated therein,* nor were the originals produced in the appellate court. Judge HOLMES intimated that, unless the substance of such records was set out in the bill of exceptions, they would not be considered by the appellate court as forming part of the record. That case has no bearing on the point before us. Here the evidence offered was the printed book containing decisions of the courts of a sister state, made, by section 4882 of the Revised Statutes of 1889, evidence of the unwritten or common law of such state, and a reference in the bill of exceptions to the volume and pages containing such law was all that was requisite to enable the appellant to read it on appeal. The proof of the law is made to the court and not to the jury, and no useful purpose can be subserved by requiring a decision to be set out in full, when the printed volume containing it is accessible to all courts. All that is required is that the decision should be fully identified, in order to prevent

the appellate court from determining the case on different facts than those which were before the trial court, because a foreign law is a fact to be established by the evidence. What we said on that subject in *Hartmann v. Railroad*, 39 Mo. App. 88, 96, 97, is in point.

We may add, however, that we do not see on the subject under consideration any radical difference between the common law of this state and that of the state of Illinois. It is not the law of this state, as assumed by the plaintiffs, that a railroad company is liable to a trespasser upon its tracks, in the absence of wantonness, wilfulness or gross negligence. On the contrary, the law on this subject here is substantially the same as the law of the state of Illinois, evidenced by the two decisions offered in evidence. See *Barker v. Railroad*, 98 Mo. 50; *Rine v. Railroad*, 100 Mo. 228; *Williams v. Railroad*, 96 Mo. 275, 280, and cases cited. The main difference between the law of the two states is, that one who in this state uses a railroad track as a highway under an implied license is not regarded by the law as a trespasser on the track. *LeMay v. Railroad*, 105 Mo. 361; *Guenther v. Railroad*, 18 S. W. Rep. 846.

There was no evidence in this case that any of the defendant's servants in charge of its train saw part of plaintiffs' team in such close proximity to the track as to make a collision with plaintiffs' team by a train being moved on that track imminent. That it was more convenient for plaintiffs' teamster in unloading the car on the Vandalia railroad to so place his team that a portion thereof would interfere with the operation of the defendant's track, did not make the occupation of the defendant's track by part of plaintiffs' team rightful. In that state of the evidence, it was error on part of the court to instruct the jury that the defendant

was liable, if its servants or agents, *by reasonable or proper care, might have known* of the danger in which said horses and wagon were, and by the exercise of ordinary care might have prevented the injury. The instruction which the court gave on behalf of the defendant properly stated the law of Illinois under the decisions offered in evidence. That instruction was as follows:

"The court instructs the jury that in this case the law of Illinois determines the rights of the parties, and that, under the law of Illinois, if the jury believe from the evidence that plaintiffs' driver caused the wagon to be so placed as to be struck by defendant's train, operated upon its tracks, then the plaintiffs cannot recover, unless the jury further believe from the evidence that defendant's servants were guilty of such reckless and wanton negligence as to show a purpose to injure plaintiffs' property."

As there is an irreconcilable contradiction between the plaintiffs'. and defendant's instructions, and the plaintiffs' instructions are erroneous, the judgment must be reversed.

All the judges concurring, the judgment is reversed and the cause remanded.