## NORTHERN DEPARTMENT—WESTERN DIVISION.
## SEPTEMBER TERM, 1895.

MODELL TOWNSHIP, OF NORTON COUNTY, KANSAS, v.
KING IRON BRIDGE AND MANUFACTURING COMPANY.

### No. 31.

CONTRACT—*Non-performance*—*Quantum Meruit*. Where a party
by an express contract undertakes to furnish material and to per-
form labor, he is entitled to payment only according to its terms,
and the law will not make for him a contract different from that
into which the parties have entered. The implied liability arises,
if at all, from the subsequent transaction or conduct of the par-
ties, and if there is a substantial non-performance of the contract,
and the party for whom the materials are furnished and labor per-
formed refuses to accept and does not receive or retain any of the
benefits of the contract, no such liability arises.

MEMORANDUM.—Error from Norton district court;
G. WEBB BERTRAM, judge. Action brought by the
King Iron Bridge and Manufacturing Company
against Modell township, in Norton county, to recover
money on contract. Judgment for plaintiff. The de-
fendant brings the case to this court. Reversed. The
facts are stated in the opinion, filed October 9, 1895.

*John R. Hamilton & Son*, for plaintiff in error.

*L. H. Thompson*, for defendant in error.

The opinion of the court was delivered by

GILKESON, P. J.: This action was brought by the
King Iron Bridge and Manufacturing Company, plain-
tiff, against Modell township, of Norton county, Kan-
sas, defendant, in the district court of Norton county,
to recover the contract price, viz., $400, with interest

thereon from January 25, 1891, for the erection of three bridges for and in said township.

The petition in the case states, in substance, that on the 15th day of September, 1888, the bridge company entered into a contract in writing (a copy of which is attached to the petition), with the officers of said township, agreeing that the said bridge company should build, paint, make complete, and have ready for use by the 15th day of November, 1888, for the said defendant township, three certain bridges; that the plaintiff was to furnish all the material for said bridges with bents, and that the material furnished was to be of good and suitable quality; that it should do all the work in a thorough and workmanlike manner; that it was to receive in payment for said work four township warrants of $100 each, to draw 7 per cent. interest, and to be due as follows: March 1, 1889, August 1, 1889, March 1, 1890, August 1, 1890; that it did perform all and singular the conditions precedent on its part required to be done and performed by the terms and conditions of said contract (specifications were attached to and formed a part of the contract); that in January, 1891, it presented its sworn voucher to the said township, and the township refused to issue the warrants. Judgment for the sum of $400, with 7 per cent. interest from the 25th day of January, 1891, is asked.

The answer of the defendant consists of eight paragraphs. The first four contain admissions of immaterial matters, and deny every allegation not admitted. The fifth specially denies that said plaintiff has done and performed all and singular the conditions precedent upon its part required to be done and performed, as provided for in said contract. The sixth alleges that the plaintiff did pretend to erect all three of the

bridges provided for in said contract, but that the material and lumber of which they were constructed was not of good and suitable quality; that the work thereon was not done in a workmanlike manner, and that none of the bridges was ever completed or made safe for public travel; that on account of the inferior quality of the lumber and the poor manner in which the work was done, the defendant never accepted nor received any of said bridges, but at once notified the plaintiff that it would not accept or receive them until they should be made to comply with the provisions of the contract. The seventh alleges that some time in May, 1889, the defendant notified the plaintiff by letter that the bridges would be taken down, for the reasons above set forth, and that they would be subject to its orders. The eighth alleges that in February, 1890, the defendant took said bridges down, piled the same up subject to the disposal of the plaintiff, and notified the plaintiff of such fact, and prays judgment for damages in the sum of $100.

The plaintiff filed a reply denying generally and specifically the sixth, seventh and eighth allegations contained in the answer, and asked judgment as prayed for in the petition.

Trial was had by court and jury. A general verdict and special findings of fact were returned by the jury. Judgment was rendered in favor of the plaintiff and against the township for the sum of $220 and interest. Defendant brings the case here for review on petition in error and case-made.

The plaintiff and the court below evidently adopted in the trial of this cause the theory that a recovery might be had in this action upon a *quantum meruit*, if not upon the contract, and this is the contention presented for our consideration. We do not think that

the theory can be sustained upon any known authority, and certainly not in view of the decisions of the supreme court of this state. While it is true that the common-law rule, that the express stipulations of a contract are required to be strictly performed and a substantial compliance with the terms is not sufficient, has been greatly relaxed by late decisions of the supreme court of this and other states, yet we do not think that it has gone to the extent contended for by the plaintiff. It is well settled that where one party has entered into a special contract to perform work for another, and furnish material, and the work is done and material furnished, but not in the manner stipulated in the contract, yet if the work and materials are of any value and benefit to the party, he may recover for the work done and materials furnished. This is done upon the principle that, if the other party has derived a benefit from the part performed, it would be unjust to allow him to retain that without paying anything. (2 Pars. Contr., 6th ed., 523 ; *Duncan v. Baker*, 21 Kan. 99 ; *Barnwell v. Kempton*, 22 id. 317 ; *Quigley v. Comm'rs of Sumner Co.*, 24 id. 300.)

Mr. Justice JOHNSTON, in commenting upon the rule laid down in *Duncan v. Baker*, supra, says :

"That case and the authorities there cited declare the doctrine now generally recognized, that where contracts for personal services or to furnish materials and perform labor are not fully performed, but the parties for whom the work is done and the materials are furnished accept the fruits of the contract, and receive and retain the benefits of that which has been performed and furnished, they are bound to pay what the same is reasonably worth. The law implies a promise on the part of him who elects to accept partial performance that he will pay the value of that which he receives and retains. This, however, is the

extent to which the rule has been extended." (*Denton v. City of Atchison*, 34 Kan. 442.)

But this rule does not apply to the case at bar. The jury in their answers to special questions found that neither of the three bridges contracted for was erected so as substantially to comply with the provisions of the contract; that the defendant township never accepted any of the bridges; that the township did not waive its right to demand a substantial compliance with the provisions of the contract as to any of the bridges; that none of the bridges was ever used by the township or the public. Hence, under the facts in this case as found by the jury, it does not come within the rule laid down in *Duncan v. Baker*. And as was further said in that case:

"Of course, in all cases where the employer can refuse to accept the work and does refuse to accept it or returns it, he is not bound to pay for it unless it exactly corresponds with the contract; but where he receives it and retains it, whether he retains it from choice or from necessity, he is bound to pay for the same what it is reasonably worth, less any damage that he may sustain by reason of the partial non-fulfilment of the contract. Of course, he is not bound to pay anything unless the work is worth something, unless he receives or may receive some actual benefit therefrom."

It is clearly shown in this case that these bridges were never accepted or received by the township, and that neither the township nor the public ever used or derived any benefit from them; that they were not constructed in substantial compliance with the provisions of the contract, and that there was never any waiver of the conditions of the contract by the township.

In the case of *Denton v. City of Atchison*, 34 Kan.

16—2 APP.

438, which was an action brought against the city to recover money claimed to be due upon contract for furnishing material and constructing sidewalks, the defendant denied the performance of the contract and refused payment, and the only difference between the contract for material and that furnished was that the contract called for oak subsills, 2x6 inches in dimension, and those furnished were pine and only 2x4 in size. Mr. Justice JOHNSTON, in speaking for the court, says:

"The more equitable rule has been generally adopted, which permits a recovery by one who in good faith attempts to perform his contract, and does so substantially, although there may be a slight deviation, or some technical and unimportant omission or defect. A substantial performance, however, is still indispensable to a recovery; and a failure to carry out any material part of the contract will not amount to a substantial performance."

And again, in *Denton v. City of Atchison*, supra, it is said:

"And where a party, by an express contract, as in this case, undertakes to furnish material and perform labor, he is only entitled to payment according to its terms, and the law will not make for him a contract different from that which the parties have entered into. The implied liability arises, if at all, from the subsequent transactions or conduct of the parties; and if there is a substantial non-performance of the contract, as there is here, and the party for whom the materials were furnished and the labor performed refuses to accept and does not receive or retain any of the benefits of the contract, no such liability will arise."

The case at bar is not only fairly within the rule thus laid down, but under the findings of the jury a much stronger case has been made. We are therefore of the opinion that the plaintiff is not entitled to the

application of the rule which it invokes; that no right of recovery has been established by it; and that the court below should have sustained the defendant's motion and application for judgment upon the special findings.

The judgment of the district court will therefore be reversed, and the cause remanded with instructions that the court enter judgment therein for plaintiff in error, defendant below, upon the special findings of the jury.

All the Judges concurring.